UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| Goodyear Tire & Rubber Company, Inc., | ) | CASE NO. 5:16CV1959 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Daimler Trucks North America LLC. | ) | |
| | ) | (Resolves Docs. 105) |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Daimler Trucks North America LLC's motion for reconsideration. Doc. 105. The motion is GRANTED.

In resolving Plaintiff Goodyear Tire & Rubber Company, Inc's motion for summary judgment, the Court noted as follows:

> However, Daimler accurately asserts that the shortfall amount defined in the contract contains no reference to the tires or pricing that would be used to calculate the shortfall amount. "Even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." Ohio Rev. Code Ann. § 1302.07.
>
> In this final respect, the Court finds that the parties' course of dealings should serve to resolve any indefiniteness surrounding the shortfall calculation. As such, rather than Goodyear's proposed calculation or Daimler's proposed calculation, the Court finds that a reasonable calculation should be based upon the actual purchases made by Daimler. Accordingly, the shortfall amount for any quarter should be based upon the average price paid by Daimler for the tires actually purchased during that quarter.

Doc. 104 at 10 (footnotes omitted). Daimler now seeks reconsideration of the Court's determination of the appropriate measure of damages.

Upon review, the Court agrees with the arguments contained Daimler's motion for reconsideration.  Representatives for Goodyear conceded during deposition that Daimler could satisfy its minimum purchase requirement through any combination or mix of tires.  As such, if the Court were to utilize its original decision, Goodyear's liquidated damages would exceed the minimum amounts Daimler would be obligated to purchase to remain in compliance with the contract.  As such, the Court revises its prior order.  The Court shall calculate damages based upon the least expensive tire offered under the parties' contract.  The motion for reconsideration is GRANTED.

Unfortunately, it appears that the parties dispute the calculation even under this simplified approach.  Accordingly, with ten (10) days of this order, the parties may file any supplemental brief they deem necessary to address Daimler's argument regarding raw materials indices and Goodyear's argument involving which tire model constitutes the least expensive model.  The parties are not required to supplement their briefs but may do so if they so desire.

The motion for reconsideration is GRANTED as detailed herein.

IT IS SO ORDERED.


Date: April 29, 2019                                    _/s/ John R Adams_____
                                                       JOHN R. ADAMS
                                                       U.S. DISTRICT JUDGE